UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,**<br><br>V.<br><br>**JAMES F. SULLIVAN,**<br>    **Defendant.** | CRIMINAL NO. 3:17-00012-KKC<br><br><br><u>**OPINION AND ORDER**</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant James F. Sullivan's motion for a bill of particulars (DE 9). For the following reasons, the motion will be denied.

Sullivan is charged with three counts of illegally giving Timothy Longmeyer cash payments in order to secure government contracts for entities and individuals who Sullivan represented as a consultant and one count of illegally conspiring with Longmeyer to make such payments. Longmeyer was the former Deputy Attorney General of Kentucky and the former Secretary of the Kentucky Personnel Cabinet.

Sullivan moves the Court to order the government to produce a bill of particulars, which would provide him with additional information regarding the charges. He seeks 19 categories of information including the dates and times of various communications alleged in the indictment, the names of any unnamed coconspirators, the identity of any eyewitnesses to the alleged payments, and a summary of any oral statements by Sullivan that the government has relied on to support the charges.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes . . . It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). The "accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars." *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972) (citation omitted). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

The indictment in this case adequately informs Sullivan of the charges against him and sets forth the statutes he is charged with violating. Count 1 sets forth the dates of the alleged conspiracy, explains the manner and means of the conspiracy, and details the overt acts. Likewise, Counts 2, 3, and 4 allege that Sullivan made monthly payments to Longmeyer from January 2014 to December 2016. This is sufficient information to prepare a defense and prohibit prejudicial surprise. The government is not required to set forth any further information in the indictment.

Moreover, in its response, the government asserts that it has provided Sullivan with the information requested in compliance with its discovery obligations. A defendant is not entitled to a bill of particulars with respect to information which

is available through other sources. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other gnds. by stat., United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000).

For these reasons, the Court hereby ORDERS that the motion for a bill of particulars (DE 9) is DENIED.

Dated November 29, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY